## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

| | |
|---|---|
| ODE BOUTIQUE, L.L.C., | |
| Plaintiff, | |
| v. | Civil No. _____ |
| ODE LLC, | |
| Defendant. | |

### Complaint and Demand for Trial by Jury

### Introduction

This is an action for counterfeiting, trademark infringement, false designation of origin, unfair competition, and cybersquatting arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and for unfair or deceptive trade practices arising under M.G.L. ch. 93A and Massachusetts common law.

### Parties

1.     Plaintiff Ode Boutique, L.L.C. ("Ode Boutique") is a limited liability company duly-organized under the laws of the Commonwealth of Massachusetts with its principal place of business located at 263 Main Street, Northampton, Massachusetts, 01060.

2.     Upon information and belief, Defendant Ode LLC ("Defendant") is a New Jersey limited liability company with a principal place of business at 227 Hawthorne Drive, Clark, New Jersey 07066.

**Jurisdiction and Venue**

3.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121; 28 U.S.C. § 1331; 28 U.S.C. § 1338(a), and over the unfair competition cause of action under 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant.  Upon information and belief, Defendant owns and operates a website, further described below, which advertises Defendant's goods to residents of the Commonwealth of Massachusetts and throughout this judicial district.  Moreover, Defendant sells goods subject to this dispute to at least one retail clothing store in Massachusetts.  Thus, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and the Massachusetts long arm statute, M.G.L. ch. 223A due to at least Defendant's substantial business in this forum, including, but not limited to: (1) at least a portion of the infringements and unfair competition alleged herein; and (2) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in Massachusetts and in this judicial district.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claims stated herein occurred in this judicial district and Defendant is subject to personal jurisdiction in this judicial district.

**Facts Common to All Counts**
**Ode Boutique's Background and Trademarks**

6.      Since at least as early as January 1, 2010, Ode Boutique has provided retail store services and offered a wide array of goods including, without limitation, shirts, dresses, scarves, jackets, skirts, shorts, pants, hosiery, lingerie, footwear, handbags, jewelry, perfume, candles,

belts, and hats.  Notably, Ode Boutique offers retail store services featuring these goods.  Ode Boutique's goods and services are of the highest quality.

7.     Ode Boutique has promoted its goods and services through a variety of media. Ode Boutique has spent substantial time, money, and effort developing many distinctive trademarks, designs, forms of advertisement, and slogans, which Ode Boutique has actively, continuously, and prominently used in interstate commerce in association with its goods and services.  For instance, Ode Boutique has long used in connection with its goods and services the trademark ODE™ (the "Ode Boutique Mark").  By virtue of extensive sales, advertising, and promotion of the Ode Boutique Mark, Ode Boutique has acquired extensive common law trademark rights throughout the United States.  For purchasers, potential purchasers, and members of the general public, the Ode Boutique Mark symbolizes Ode Boutique and the affection, favorable recognition, and substantial goodwill that is associated with Ode Boutique. The Ode Boutique Mark exclusively symbolizes Ode Boutique and is associated in the general public mind with Ode Boutique, and Ode Boutique's valuable goodwill.

8.     Ode Boutique has registered the Ode Boutique Mark with the United States Patent and Trademark Office (the "Registered ODE® Mark") as summarized in the following table:

| Trademark | Goods/Services | Status/Status Date | Exhibit |
|---|---|---|---|
| ODE<br><br>Registration No: 3,986,422 | (Int'l Class: 35) Retail stores featuring ladies' apparel, footwear, handbags, jewelry and accessories | Registered: June 28, 2011 | A |

9.     The Registered ODE® Mark is presently alive, in good standing, unrevoked, and uncancelled. The certificate of registration attached to this Complaint as Exhibit A is prima facie evidence of Ode Boutique's ownership of the Registered Ode Mark, the validity thereof, and Ode Boutique's exclusive right to use the mark shown therein in connection with the goods and services set forth in the certificate of registration therefore.

10.     Ode Boutique also owns two pending trademark applications at the United States Patent and Trademark Office for the mark ODE.  In particular, Ode Boutique owns Application Serial No. 85/678,143 for the mark ODE for retail store services featuring clothing, namely, shirts, dresses, scarves, jackets, skirts, shorts, pants, hosiery, lingerie, and footwear; retail store services featuring handbags, jewelry, perfume, and candles; belts; and hats in international class 35.  Additionally, Ode Boutique owns Application Serial No. 85/701,616 for the mark ODE for online retail store services featuring clothing, namely, shirts, dresses, scarves, jackets, skirts, shorts, pants, hosiery, lingerie, and footwear; retail store services featuring handbags, jewelry, perfume, and candles; belts; and hats in international class 35.  Ode Boutique's Application Serial Nos. 85/678,143 and 85/701,616 shall be collectively referred to as the "Ode Trademark Applications."

11.     The Ode Boutique Mark, the Ode Trademark Applications, and the Registered ODE® Mark shall collectively be referred to herein as the "Ode Mark."

12.     Ode Boutique actively and prominently promotes the Ode Mark in all of its advertisements, including, but not limited to, internet websites, print advertising, business directories, and business cards.

13.     Ode Boutique has used its Ode Mark since at least August of 2010.  Ode Boutique has expended substantial amounts of money promoting its Ode Mark.  As such, the Ode Mark serves to identify Ode Boutique as the source of the goods and services bearing the mark.

### Defendant's Infringing Conduct

14.     Upon information and belief, Defendant owns and operates a website accessible at www.odekids.com (the "Website").  A true and accurate printout of the Collections page of the Website is attached hereto as Exhibit B.  Upon information and belief, Defendant is using the

services of Domains By Proxy, Inc. to obfuscate and hide from the public the fact that Defendant is the registrant of the odekids.com domain name (the "Domain Name"). The Website prominently uses the mark ODE (the "Infringing Mark") in its domain name and throughout the content of the webpages accessible at the Website. The Website's Title is "Ode Kids: Hip clothing for globetrotting girls ages 2 to 8." Thus, the Website prominently features the Infringing Mark in connection with apparel and retail and wholesale services featuring apparel.

15.   Defendant and its affiliated Website offer goods and services identical or nearly identical to those of Ode Boutique. As a result, actual confusion among consumers has occurred such that consumers have erroneously believed that Defendant is affiliated, connected, or associated with, or in some way related to, Ode Boutique

16.   Defendant began using the ODE trademark at least one year after Ode Boutique began using the identical mark.

17.   Ode Boutique provided Defendant notice of Defendant's unlawful use of Ode Boutique's Ode Mark. Despite Ode Boutique's demand that Defendant cease using the Infringing Mark, Defendant has failed to cease use of the Infringing Mark for goods and/or services relating to clothing and retail and wholesale sales thereof.

## Count 1 – Trademark Counterfeiting
## 15 U.S.C. § 1114

18.   Ode Boutique re-alleges and incorporates by reference the allegations of paragraphs 1-17.

19.   Ode Boutique owns the Registered ODE® Mark.

20.   Ode Boutique has used the Registered ODE® Mark continuously and consistently for an extended period of time to advertise its services. Ode Boutique's use of the Registered ODE® Mark in interstate commerce has indelibly impressed on the consuming public's minds

the impression that the Registered ODE® Mark identifies Ode Boutique as the source of its goods and services.  Thus, the Registered ODE® Mark serves to identify Ode Boutique as the source of the goods and services bearing the Registered ODE® Mark because the relevant consumers have come to associate the Registered ODE® Mark with Ode Boutique.

21.    Defendant adopted and used the Infringing Mark as shown on its Website and in the Domain Name after Ode Boutique first began using the Registered ODE® Mark.

22.    As alleged above, Defendant has used a spurious designation that is identical with, or substantially indistinguishable from, Ode Boutique's Registered ODE® Mark on goods and/or services covered by the registration for the Registered ODE® Mark.

23.    Upon information and belief, Defendant has intentionally and willfully used its spurious designation knowing it is counterfeit in connection with the advertising, sale, and offering for sale goods and/or services for Defendant's private financial gain and such intentional and willful conduct by Defendant makes this an exceptional case.

24.    Defendant's use of Ode Boutique's Registered ODE® Mark in connection with the advertising and selling of counterfeit goods and/or services constitutes Defendant's use of the Registered ODE® Mark in commerce.

25.    Defendant's unauthorized use of the Registered ODE® Mark as set forth above is likely to:

    a.   Cause confusion, mistake and deception;

    b.   Cause the public to believe that Defendant's counterfeit goods and/or services are the same as Ode Boutique's goods and/or services and/or that Defendant is authorized, sponsored, or approved by Ode Boutique and/or that Defendant is affiliated, connected, or associated with or in some way related to Ode Boutique;

c.  Result in Defendant unfairly benefiting from Ode Boutique's advertising and promotion and profiting from the reputation of Ode Boutique's advertising and promotion and profiting from the reputation of Ode Boutique and its Registered ODE® Mark;

all of which may cause substantial and irreparable injury to the public, Ode Boutique, and Ode Boutique's Registered ODE® Mark and the substantial goodwill represented thereby.

26.     Defendant's acts as set forth herein constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.   Such conduct entitles Ode Boutique to injunctive relief, compensatory damages, treble damages, disgorgement of profits, and costs and attorneys' fees or, at Ode Boutique's election, statutory damages of up to $2,000,000 per counterfeit mark per type of goods and/or services advertised, sold, and/or offered for sale, pursuant to 15 U.S.C. § 1117(c)(2).

## Count 2 – Trademark Infringement
## 15 U.S.C. § 1114

27.     Ode Boutique re-alleges and incorporates by reference the allegations of paragraphs 1-26.

28.     Ode Boutique owns the Registered ODE® Mark.

29.     Ode Boutique has used the Registered ODE® Mark continuously and consistently for an extended period of time to advertise its goods and/or services.   Ode Boutique's use of the Registered ODE® Mark in interstate commerce has indelibly impressed on the consuming public's minds the impression that the Registered ODE® Mark identifies Ode Boutique as the source of its goods and service.   Thus, the Registered ODE® Mark serves to identify Ode Boutique as the source of the goods and services bearing the Registered ODE® Mark because the relevant consumers have come to associate the Registered ODE® Mark with Ode Boutique.

30.     Defendant adopted and used the Infringing Mark as shown on its Website and in the Domain Name after Ode Boutique first began using the Registered ODE® Mark.

31.     Defendant's adoption and use of the Infringing Mark, including in the Domain Name for its Website and on the webpages accessible on its Website, to identify Defendant's goods and/or services constitutes use of a copy and colorable imitation of Ode Boutique's Registered ODE® Mark, and is likely to cause confusion, mistake, or to deceive the purchasing public into believing that the goods and/or services of Defendant emanate from the same source of the goods and services previously provided by Ode Boutique, or that there is some connection, sponsorship, or affiliation between the goods and/or services of Ode Boutique and Defendant, all of which are contrary to fact.

32.     Ode Boutique has no control over the nature and quality of the goods and services of Defendant.  Any failure, neglect, or default by Defendant in providing goods or services will reflect adversely on Ode Boutique as the believed source or origin thereof, which will hinder Ode Boutique's effort to continue to protect its outstanding reputation in the industry and subject Ode Boutique to loss of sales of goods and services and loss of the considerable expenditures it has made to promote its goods and services in association with the Registered ODE® Mark, all to the irreparable harm of Ode Boutique.

33.     Defendant's conduct constitutes an infringement of Ode Boutique's Registered ODE® Mark, and is actionable under the provisions of 15 U.S.C. § 1114.

34.     Upon information and belief, Defendant has deliberately and willfully infringed Ode Boutique's Registered ODE® Mark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114 and Ode Boutique has been and will continue to be irreparably harmed by such

infringement unless this Court enjoins Defendant from its continuing infringement pursuant to 15 U.S.C. § 1116.

35.     Upon information and belief, Defendant is willfully infringing Ode Boutique's Registered ODE® Mark.  As a result of Defendant's deliberate and willful infringement of Ode Boutique's Registered ODE® Mark,  Ode Boutique is entitled to damages, Defendant's profits, attorneys' fees and costs, and any and all other relief authorized by 15 U.S.C. § 1117.

**Count 3 – Trademark Infringement**
**15 U.S.C. § 1125**

36.     Ode Boutique re-alleges and incorporates by reference the allegations of paragraphs 1-35.

37.     Ode Boutique owns the Ode Mark.

38.     Ode Boutique has used the Ode Mark continuously and consistently for an extended period of time to advertise its goods and/or services.  Ode Boutique's use of the Ode Mark in interstate commerce has indelibly impressed on the consuming public's minds the impression that the Ode Mark identifies Ode Boutique as the source of its goods and service. Thus, the Ode Mark serves to identify Ode Boutique as the source of the goods and services bearing the Ode Mark because the relevant consumers have come to associate the Ode Mark with Ode Boutique.

39.     Defendant adopted and used the Infringing Mark as shown on its Website and in the Domain Name after Ode Boutique first began using the Ode Mark.

40.     Defendant's adoption and use of the Infringing Mark, including in the Domain Name for its Website and on the webpages accessible on its Website, to identify Defendant's goods and/or services constitutes use of a copy and colorable imitation of Ode Boutique's Ode Mark, and is likely to cause confusion, mistake, or to deceive the purchasing public into

believing that the goods and/or services of Defendant emanate from the same source of the goods and services previously provided by Ode Boutique, or that there is some connection, sponsorship, or affiliation between the goods and/or services of Ode Boutique and Defendant, all of which are contrary to fact.

41.    Ode Boutique has no control over the nature and quality of the goods and services of Defendant.  Any failure, neglect, or default by Defendant in providing goods or services will reflect adversely on Ode Boutique as the believed source or origin thereof, which will hinder Ode Boutique's effort to continue to protect its outstanding reputation in the industry and subject Ode Boutique to loss of sales of goods and services and loss of the considerable expenditures it has made to promote its goods and services in association with the Ode Mark, all to the irreparable harm of Ode Boutique.

42.    Defendant's conduct constitutes an infringement of Ode Boutique's Ode Mark, and is actionable under the provisions of 15 U.S.C. § 1125.

43.    Upon information and belief, Defendant has deliberately and willfully infringed Ode Boutique's Ode Mark in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125 and Ode Boutique has been and will continue to be irreparably harmed by such infringement unless this Court enjoins Defendant from its continuing infringement pursuant to 15 U.S.C. § 1116.

44.    Upon information and belief, Defendant is willfully infringing Ode Boutique's Ode Mark.  As a result of Defendant's deliberate and willful infringement of Ode Boutique's Ode Mark, Ode Boutique is entitled to damages, Defendant's profits, attorneys' fees and costs, and any and all other relief authorized by 15 U.S.C. § 1117.

## Count 4 – False Designation of Origin
## 15 U.S.C. § 1125

45.    Ode Boutique re-alleges and incorporates by reference the allegations of paragraphs 1-45.

46.    Defendant's conduct as recited herein, including its use of the Infringing Mark on and in connection with its goods and services and associated Website and Domain Name constitutes a false designation of origin in that the use of the term ODE in connection with the goods and/or services of Defendant is likely to cause confusion, to cause mistake, or to deceive others as to the affiliation, connection, or association of Defendant with Ode Boutique, or as to the origin, sponsorship, approval of its goods, services and commercial activities with Ode Boutique and constitutes a violation of 15 U.S.C. § 1125(a).

47.    Upon information and belief, Defendant's conduct is willful and intentional with the purpose of misleading the public into believing that the goods and services of Defendant are in some way sponsored by, affiliated with, or connected to the goods and services previously provided by Ode Boutique under its Ode Mark, all of which are contrary to fact.  Ode Boutique has been and will continue to be irreparably harmed by Defendant's conduct unless this Court enjoins Defendant from its unlawful conduct pursuant to 15 U.S.C. § 1116.

48.    As a result of Defendant's deliberate and willful conduct, Ode Boutique is entitled to damages, Defendant's profits, attorneys' fees and costs, and any and all other relief authorized by 15 U.S.C. § 1117.

## Count 5 – Unfair Competition
## 15 U.S.C. § 1125

49.     Ode Boutique re-alleges incorporates by reference the allegations of paragraphs 1-48.

50.     Ode Boutique uses its Ode Mark to identify it as the source of goods and services relating to clothing and accessories including, without limitation, shirts, dresses, scarves, jackets, skirts, shorts, pants, hosiery, lingerie, footwear, handbags, jewelry, perfume, candles, belts, and hats.

51.     As a result of the facts alleged above, Ode Boutique has developed its Ode Mark to be closely associated with, and an indication of, the source of origin of the goods and services rendered by Ode Boutique.  Ode Boutique's Ode Mark has acquired a substantial and favorable reputation and goodwill in connection with the goods and services provided by Ode Boutique.

52.     Defendant's continued and unauthorized use of the Ode Mark in advertising is likely to, and upon information and belief is intended to, cause confusion or mistake or to deceive as to the affiliation, connection or association of Defendant with Ode Boutique or the possible origin, sponsorship or approval of Defendant's goods and/or services by Ode Boutique.

53.     Defendant's use of the Ode Mark is a misrepresentation that Defendant is affiliated with Ode Boutique, which constitutes unfair competition with Ode Boutique.

54.     Upon information and belief, Defendant has deliberately and willfully committed acts of unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125. Defendant's conduct has, and continues to, irreparably harm Ode Boutique.

55.     Unless Defendant is restrained and enjoined, Ode Boutique will suffer further and irreparable damage for which Ode Boutique has no full and adequate remedy at law.  As a result

of Defendant's deliberate and willful conduct, Ode Boutique is entitled to damages, Defendant's profits, attorneys' fees and costs, and any and all other relief authorized by law.

### Count 6 – Unfair Competition Under Massachusetts Common Law

56.     Ode Boutique re-alleges and incorporates by reference the allegations of paragraphs 1-55.

57.     Defendant's acts have created, and unless restrained by this Court, will continue to create, a likelihood of confusion and deception of the consuming public, causing irreparable injury to Ode Boutique for which Ode Boutique has no adequate remedy at law.

58.     Defendant's conduct constitutes unfair competition under the common law of the Commonwealth of Massachusetts by a deliberate course of conduct, all without authorization, license, privilege, or justification.

59.     Upon information and belief, Defendant acted with full knowledge of Ode Boutique's use of the Ode Mark and without regard to the likelihood of confusion and deception of the public created by those activities.

60.     Defendant's conduct demonstrates its intent to trade on the goodwill associated with Ode Boutique to the substantial and irreparable injury of Ode Boutique.

61.     As a result of Defendant's acts, Ode Boutique has been damaged and will continue to be damaged in an amount not as yet determined or ascertainable.  At a minimum, however, Ode Boutique is entitled to injunctive relief, an accounting of Defendant's profits, actual damages, punitive damages, attorneys' fees, the costs of this action, and any and all other relief authorized by law.

**Count 7 – Cybersquatting**
**15 U.S.C. § 1125(d)**

62.    Ode Boutique re-alleges and incorporates by reference the allegations of paragraphs 1-61.

63.    Defendant has registered and/or is using the Domain Name, which is identical and/or confusingly similar to Ode Boutique's Ode Mark.  Defendant's Domain Name consists of or contains a mark that is owned by Ode Boutique and which was distinctive at the time of Defendant's registration and/or use of the Domain Name.

64.    Defendant has unjustly obtained gains, profits, and advantages as a result of its wrongful acts of federal trademark cyberpiracy in amounts thus far not determined.

65.    Upon information and belief, Defendant has a bad faith intent to profit from Ode Boutique's Ode Mark as evidenced at least in part by Defendants use of Domains By Proxy to conceal the fact that Defendant owns and/or operates the Domain Name and the Website associated therewith.

66.    Upon information and belief, the foregoing acts were done willfully and deliberately and with an intent to engage in cyberpiracy at Ode Boutique's expense in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

67.    Defendant's unlawful acts in violation of Section 1125(d) of the Lanham Act have caused, and unless enjoined by this Court, will continue to cause, irreparable harm and damage to Ode Boutique.  Accordingly, Ode Boutique seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116.

68.    Ode Boutique has no adequate remedy at law and is suffering irreparable harm and damage as a result of Defendant's acts of federal trademark cyberpiracy in an amount thus

far not determined, but within the jurisdiction of this Court, which amount should be trebled pursuant to 15 U.S.C. § 1117.

<u>**Count 8 – Violations of M.G.L. c. 93A**</u>

69.     Ode Boutique re-alleges and incorporates by reference the allegations of paragraphs 1-68.

70.     Ode Boutique and Defendant are engaged in trade or commerce in Massachusetts.

71.     The unfair acts and deceptive practices complained of herein occurred primarily and substantially in Massachusetts.

72.     Ode Boutique informed Defendant of Defendant's infringing use of the Ode Mark via letters dated March 21, 2012 and April 10, 2012.  Despite Ode Boutique's warnings and demands that Defendant cease and desist its unauthorized use of the Ode Mark, Defendant willfully and knowingly continued to use the Ode Mark.

73.     The conduct of Defendant described herein, including without limitation, its knowing and willful unauthorized use of the Ode Mark, constitutes unfair and deceptive trade practices in violation of M.G.L. c. 93A.

74.     Ode Boutique has been harmed by said unfair and deceptive acts, and suffered damages in an amount to be determined at trial.

**Prayers for Relief**

WHEREFORE, Ode Boutique demands a judgment against Defendant and prays that this Court:

a.  Preliminarily and permanently enjoin Ode LLC and its agents, servants, employees, and attorneys and all persons in active concert or participation with it or acting for, with, by, though, or under it, from counterfeiting and infringing Ode Boutique's Ode Mark; from unfair competition with Ode Boutique; from falsely designating the origin of Ode Boutique's services; and from cyberpiracy;

b.  Order Defendant to deliver up for destruction to Ode Boutique all unauthorized products and/or advertisements in its possession or under its control bearing any of Ode Boutique's Ode Mark or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, pursuant to 15 U.S.C. § 1118;

c.  Grant to Ode Boutique, should Ode Boutique so elect, an award of statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $2,000,000 for each counterfeit mark for each type of good and service Defendant has willfully counterfeited and infringed;

d.  Grant to Ode Boutique, should Ode Boutique so elect, an award of statutory damages of up to $100,000 per domain name as authorized under 15 U.S.C. §§ 1117(d) and 1125(d) as a result of Defendant's acts of cyberpiracy;

e.  Grant to Ode Boutique an award and accounting of Defendant's profits, any damages sustained by Ode Boutique, and that all profits or damages be trebled, the costs of this action, and Ode Boutique's attorneys' fees, pursuant to 15 U.S.C. § 1117;

f.  Award Ode Boutique multiple damages and attorney's fees pursuant to M.G.L. c. 93A;

g.   Order and direct Defendant to immediately transfer the domain name odekids.com to

Ode Boutique; and

h.   Grant to Ode Boutique such further relief as may be equitable and proper.

**<u>Jury Demand</u>**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Ode Boutique, L.L.C.

hereby demands a trial by jury.

Dated: <u>January 4, 2013</u>                          Respectfully Submitted,

ODE BOUTIQUE, L.L.C.

By its attorneys,

<u>/s/Jan M. Kendrick</u>
Thomas E. Peisch (BBO # 393260)
Jan M. Kendrick (BBO # 678806)
CONN KAVANAUGH ROSENTHAL
    PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA  02109
(617) 482-8200
tpeisch@connkavanaugh.com
jkendrick@connkavanaugh.com

OF COUNSEL,

Cheryl L. Burbach
Matthew B. Walters
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
(913) 647-9050
cburbach@hoveywilliams.com
mwalters@hoveywilliams.com

771371.1

# Exhibit A

# United States of America

## United States Patent and Trademark Office

# Ode

**Reg. No. 3,986,422**

**Registered June 28, 2011**

**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

ODE BOUTIQUE, L.L.C. (MASSACHUSETTS LIMITED LIABILITY COMPANY), DBA ODE, ATTN: KRISTIN KELLY
263 MAIN STREET
NORTHAMPTON, MA 01060

FOR: RETAIL STORES FEATURING LADIES' APPAREL, FOOTWEAR, HANDBAGS, JEW-ELRY AND ACCESSORIES; ON-LINE RETAIL STORE SERVICES FEATURING LADIES' APPAREL, FOOTWEAR, HANDBAGS, JEWELRY AND ACCESSORIES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-1-2010; IN COMMERCE 8-1-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 77-842,430, FILED 10-6-2009.

VIVIAN MICZNIK FIRST, EXAMINING ATTORNEY



*Director of the United States Patent and Trademark Office*

# Exhibit B



■(0)

about   collections   shop   contact





Amparo



Nina

Julia



Nina



Nina



Nina



Keira



Keira



Adela



Maya          Raina          Raina

Maya          Amparo          Shruti

Maya          Kimba          Sasha

Terms & Conditions   Shipping & Returns   Wholesale   Stockists

© 2012, Ode, LLC. All rights reserved.

^ back to top